IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| HOLLIS H. MALIN, JR. and <br> LINDA D. MALIN, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No.: **3:11-cv-00554** |
| JPMORGAN; JP MORGAN CHASE; <br> JPMORGAN CHASE BANK; <br> JPMORGAN CHASE, NATIONAL <br> ASSOCIATION; and CHASE HOME <br> FINANCE, LLC, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **(Removed from the Chancery Court of Knox County, Tennessee at Knoxville, Case No.: 81503-2)** |
| Defendants. | ) | |

## DEFENDANT JPMORGAN CHASE BANK, N.A., FOR ITSELF AND AS SUCCESSOR BY MERGER TO CHASE HOME FINANCE, LLC'S MOTION TO DISMISS

Plaintiffs' claims are fatally flawed and should be dismissed. Defendant JPMorgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance, LLC (incorrectly named in the Complaint as JPMorgan, JPMorgan Chase, and JPMorgan Chase Bank) ("Chase"), respectfully submits that Plaintiffs' Complaint should be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Procedure, because (i) Plaintiffs' claims that Chase does not have the authority to foreclose on the subject property is barred by the doctrines of *res judicata* and/or collateral estoppel; and (ii) Article 2.5 of the Purchase and Assumption Agreement entered into between Chase and the Federal Deposit Insurance Corporation ("FDIC"), as Receiver of Washington Mutual Bank ("WAMU") on September 25, 2008 specifically provides that Chase is not responsible for claims brought by borrowers related to any action and/or inaction of WAMU. Numerous sister federal courts that have addressed similar claims have all held that Chase is not liable for the actions of WAMU with respect to borrower claims and have universally dismissed such claims against Chase.

In support of this Motion, Chase relies upon the following exhibits, which are attached hereto, along with a Memorandum in Support of its Motion to Dismiss, which is being filed contemporaneously herewith:

**Exhibit A** - Purchase and Assumption dated September 25, 2008 between Chase and the FDIC, as Receiver for WAMU;

**Exhibit B** - Plaintiff Hollis H. Malin, Jr.'s Voluntary Petition in the United States Bankruptcy Court for the Eastern District of Tennessee, Case No. 3:11-bk-30751 ("Mr. Malin's Bankruptcy"):

**Exhibit C** – Plaintiff Linda Malin's Voluntary Petition in the United States Bankruptcy Court for the Eastern District of Tennessee, Case No. 3: 11-bk-33184 ("Mrs. Malin's Bankruptcy");

**Collective Exhibit D** – Chase's Motion for Relief from Automatic Stay and Abandonment, filed in both Mr. Malin's and Mrs. Malin's Bankruptcy;

**Exhibit E** – Order Granting Relief from Automatic Stay in Mr. Malin's Bankruptcy; and

**Exhibit F** – Order Granting Relief from Automatic Stay and Abandonment in Mrs. Malin's Bankruptcy.

Respectfully submitted,

/s/ Michael D. Hornback
Michael D. Hornback (BPR#22128)
**WYATT, TARRANT & COMBS, LLP**
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203
Telephone: (615) 244-0020
Facsimile: (615) 256-1726
(*mhornback@wyattfirm.com*)

*Counsel for JPMorgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance, LLC (incorrectly named in the Complaint as JPMorgan, JPMorgan Chase, and JPMorgan Chase Bank)*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed via the Court's electronic filing system and was placed in the U.S. Mail, first class, postage prepaid, addressed to the following on this the 28th day of November, 2011:

Hollis H. Malin Jr.
Linda D. Malin
809 Dry Gap Pike
Knoxville, Tennessee 37918

/s/ Michael D. Hornback
Michael D. Hornback

60097718.1