

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSE
NORTHERN DIVISION AT KNOXVILLE



| | |
|---|---|
| HOLLIS H. MALIN, JR. and<br>LINDA D. MALIN,<br><br>    Plaintiffs,<br><br>vs.<br><br>JPMORGAN; JP MORGAN CHASE;<br>JPMORGAN CHASE BANK;<br>JPMORGAN CHASE NATIONAL<br>ASSOCIATION; and CHASE HOME<br>FINANCIAL, LLC,<br><br>    Defendants. | Case No. 3:11-cv-00554<br><br>(Removed from the Chancery Court of<br>Knox County, Tennessee at Knoxville,<br>Case No. 81503-2) |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT, JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS

The Defendants have filed a Motion to Dismiss, which by necessity requires that this Court take as true all facts alleged in the Complaint. For purposes of responding to the Defendants' Motion to Dismiss, the Plaintiffs rely on all of the factual allegations contained in their Second Amended Complaint; however, the most important fact alleged therein in the context of responding to the Defendants' motion to Dismiss is contained in paragraph 7, wherein Plaintiffs allege "that Defendants are not and were not in possession of the note secured by the subject property, nor are they holders of a note entitled to payment . . . ."

Plaintiffs have asserted five specific causes of action in their Second Amended Complaint, which are: (i) action for mistaken and erroneous representation as to standing to foreclose; (ii) predatory lending practices; (iii) unfair debt collection practices; (iv) unfair business practices; and (v) and an action to quiet title. Of those causes of action, only the

1

second, predatory lending practices, implicates Washington Mutual Bank, FA ("WAMU"). The other four causes of action are based on the factual premise that the named Defendants in this case are not the holders of the promissory note secured by the Plaintiffs' residence. If Defendants are not the holder of that note, which fact must be taken as true for purposes of deciding this Motion to Dismiss, then the first, third, fourth and fifth causes of action in no way involve WAMU. The Defendants' argument that they can escape liability to the Plaintiffs on those particular causes of action by virtue of provisions in the Purchase and Assumption Agreement entered into between JP Morgan Chase Bank, N.A. ("Chase") and the Federal Deposit Insurance Corporation ("FDIC") are unavailing.

If Chase does not hold the original note, then Chase obviously cannot foreclose and should not be allowed to do so, which is the gravamen of the first cause of action. If Chase does not hold the promissory note, then any actions by Chase to foreclose or seek redress against the Plaintiffs based on its claim that Plaintiffs are indebted to Chase is a violation of the Unfair Debt Collections Practices Act. If Chase does not hold the note, then it is an Unfair Business Practice for Chase to pursue foreclosure of the Plaintiffs' home. And finally, if Chase does not hold the note, then the Plaintiffs are entitled to bring this action to quiet title.

The Defendants have asserted that because they obtained an order granting relief from the automatic stay in the Plaintiffs' separate bankruptcy court proceedings, that collateral estoppel and/or *res judicata* precludes the Plaintiffs from disputing whether Chase owns the promissory note allegedly secured by Plaintiffs' residence. This exact same contention was considered and emphatically rejected in *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26 (4th Cir. 1994). In *Grella*, the Salem Five Cent Savings Bank (the "Bank") obtained relief from the automatic stay in a voluntary chapter 7 proceeding. In *Grella*, just as in the instant case, the Bank claimed to

have a perfected security interest in certain promissory notes, and that it was in sole and exclusive possession of the original notes. The bankruptcy court issued an order lifting the automatic stay as to the Bank, and allowing the Bank to exercise any and all of its contractual state law rights and remedies with respect to the notes.

In a subsequent action filed by the Bank under § 506(a) of the Bankruptcy Code to determine its secured status, the Bank claimed that the Trustee was precluded from pursuing a preference counter-claim because the Trustee failed to file or pursue any objection to the Bank's Motion for Relief from the Stay. The Bank relied on collateral estoppel, saying that the issue had already been determined previously when the Court decided to lift the automatic stay.

The First Circuit rejected that contention, holding as follows:

> [W]e find that a hearing on a Motion for Relief from Stay is merely a summary proceeding of limited effect, and . . . that a court hearing a motion for relief from stay should seek only to determine whether the party seeking relief has a colorable claim to property to the estate. The statutory and procedural schemes, the legislative history, and the case law all direct that the hearing on a motion to lift the stay is not a proceeding for determining the merits of the underlying substantive claims, defenses, or counter-claims. Rather, it is analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim or lien as to a debtor's property. If a court finds that likelihood to exist, this is not a determination of the validity of those claims, but merely a grant of permission from the court allowing that creditor to litigate its substantive claims elsewhere without violating the automatic stay.

*Grella*, 42 F.3d at ¶35.

It is important to note that the Bank argued in *Grella* that because establishing the validity of a debtor's security interest is an essential element of a relief from stay, the fact that the stay was indeed lifted necessarily implies that the security interest is valid. The First Circuit determined that that argument was meritless.

3

Accordingly, Chase's attempt to bar the Plaintiffs' action from going forward based on the fact that the automatic stay was lifted in the Plaintiff's separate bankruptcy cases is not well taken.

On page 8, of their Memorandum in Support of Motion to Dismiss, the Defendants argue that the Purchase and Assumption Agreement between Chase and FDIC excluded any assumption of liability for borrowors claims against WAMU, and Chase makes that argument "[w]ith regard to [plaintiffs'] claims for 'Predatory Lending Practices', . . . . Assuming arguendo that the Purchase and Assumption Agreement insulates the Defendants from the Plaintiffs' claims for predatory lending practices, the same does not hold true for the other four causes of action articulated by the Plaintiffs. The Defendants' Brief on page 10 makes the following erroneous statement: "Plaintiffs have failed to allege any action taking [sic] by Chase that would form a basis for potential liability upon Chase." Plaintiffs have clearly asserted action by Chase that forms the basis for liability, that is, that Chase is attempting to foreclose on the Plaintiffs' residence without being a holder of the debt that would entitle Chase to do so. The other four causes of action asserted by Plaintiffs, besides predatory lending practices, all relate to that factual allegation and do not in any way involve WAMU. The Purchase and Assumption Agreement argument advanced by the Plaintiffs is a red herring.

Based on all of the foregoing, Plaintiffs respectfully request that the Defendants' Motion to Dismiss be denied. Defendants concede in their Memorandum that the applicable standard requires that the allegations contained in the Second Amended Complaint be taken as true. The Second Amended Complaint alleges that Chase is not the holder of the indebtedness secured by Plaintiff's residence. For that reason Plaintiffs have stated viable causes of action to prevent

4

Defendants from foreclosing on their home, for unfair debt collection practices, for unfair business practices and to quiet title.

Respectfully submitted this 27th day of January, 2012.

_____
HOLLIS H. MALIN, JR.
Plaintiff

_____
LINDA D. MALIN
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was placed in the U.S. Mail first class, postage prepaid, addressed to the following on this the 27th day of January, 2012.

Michael D. Hornback
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203

5

Case 3:11-cv-00554   Document 9   Filed 01/27/12   Page 5 of 5   PageID #: 216