# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION AT KNOXVILLE

| | | |
|---|---|---|
| HOLLIS H. MALIN, JR. and <br> LINDA D. MALIN, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No.: **3:11-cv-00554** |
| JPMORGAN; JP MORGAN CHASE; <br> JPMORGAN CHASE BANK; <br> JPMORGAN CHASE, NATIONAL <br> ASSOCIATION; and CHASE HOME <br> FINANCE, LLC, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | (Removed from the Chancery Court of <br> Knox County, Tennessee at Knoxville, <br> Case No.: 81503-2) |
| Defendants. | ) | |

## ANSWER OF JPMORGAN CHASE BANK, N.A., FOR ITSELF AND AS SUCCESSOR BY MERGER TO CHASE HOME FINANCE, LLC

Defendant JPMorgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance, LLC (incorrectly named in the Complaint as JPMorgan, JPMorgan Chase, and JPMorgan Chase Bank) ("Chase"), by and through counsel, respectfully submits the following Answer to Plaintiff Hollis H. Malin, Jr. and Linda D. Malin's Complaint (D.E. No. 1-1) and states as follows:

1. Chase denies the allegations contained in Paragraph 1 of the Complaint as it names the incorrect and/or nonexistent entities. To the extent the allegations contained in Paragraph 1 of the Complaint attempt to allege any liability and/or wrongdoing on the part of Chase, such allegations are denied.

# I.

## PARTIES

2. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 2 of the Complaint and therefore denies the same.

3. Chase denies the allegations contained in Paragraph 3 of the Complaint.

4. Chase denies the allegations contained in Paragraph 4 of the Complaint, as pled. Chase further avers that, on September 25, 2008, the Federal Deposit Insurance Corporation ("FDIC"), as Receiver of Washington Mutual Bank ("WAMU"), and Chase entered into a Purchase and Assumption Agreement (the "PAA"). Chase avers that the PAA speak for itself and any and all allegations contained in Paragraph 4 of the Complaint that are inconsistent therewith are hereby denied.

# II.

## FACTUAL BACKGROUND

5. Chase admits that the Plaintiffs' executed a Note and Deed of Trust in favor of WAMU with respect to real property located at 809 Dry Gap Pike, Knoxville, Tennessee. Chase further avers that "Collective Exhibit A" was not attached to the Complaint served upon Chase, nor was it filed with the Complaint in the Chancery Court of Knox County, Tennessee. Chase avers that the Note and Deed of Trust speak for themselves and any and all allegations contained in Paragraph 5 of the Complaint that are inconsistent therewith are hereby denied.

# III.

## FIRST CAUSE OF ACTION FOR MISTAKEN AND ERRONEOUS REPRESENTATION AS TO STANDING TO FORECLOSE

6. Chase denies the allegations contained in Paragraph 6 of the Complaint.

7. Chase denies the allegations contained in Paragraph 7 of the Complaint.

8. Chase denies the allegations contained in Paragraph 8 of the Complaint.

9. Chase denies the allegations contained in Paragraph 9 of the Complaint.

10. Chase denies the allegations contained in Paragraph 10 of the Complaint.

11. Chase denies the allegations contained in Paragraph 11 of the Complaint.

12. Chase denies the allegations contained in Paragraph 12 of the Complaint.

13. Chase denies the allegations contained in Paragraph 13 of the Complaint.

14. Chase denies that the Plaintiffs are entitled to the relief sought in Paragraph 14 of the Complaint.

## SECOND CAUSE OF ACTION FOR PREDATORY LENDING PRACTICES

15. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

16. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

17. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

18. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

19. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

20. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

21. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

22. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

23. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

24. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

25. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

## THIRD CAUSE OF ACTION FOR UNFAIR DEBT COLLECTION PRACTICES

26. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

27. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

## FOURTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES

28. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

29. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

30. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

31. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

32. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

33. Pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012, this cause of action was dismissed and therefore requires no response from Chase.

### FIFTH CAUSE OF ACTION FOR QUIET TITLE

34. Chase denies the allegations contained in Paragraph 34 of the Complaint, as pled. Chase further avers that the "Deed" referenced in Paragraph 34, but not attached to the Complaint, speaks for itself and any and all allegations contained in Paragraph 34 of the Complaint that are inconsistent therewith are hereby denied.

35. Chase denies the allegations contained in Paragraph 35 of the Complaint, as pled.

36. Chase denies that Plaintiffs are entitled to the relief sought in Paragraph 36 of the Complaint.

### JURY DEMAND

37. Paragraph 37 of the Complaint contains no factual allegations and therefore requires no response from Chase.

### PRAYER

38. Chase denies that the Plaintiffs are entitled to any of the relief sought in Paragraphs 1 through 8 of the "Prayer" section of the Complaint, including the prayers for relief associated with the claims dismissed pursuant to this Court's Memorandum Opinion and Order (D.E. No. 11), entered on March 12, 2012.

39. Any and all allegations that are not specifically admitted herein are hereby denied.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiffs' Complaint fails to state a cause of action against Chase upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or judicial estoppel.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the express terms of the Note and Deed of Trust, which speak for themselves.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

### Reservation of Additional Affirmative Defenses

Chase specifically reserve the right to assert additional affirmative defenses and other matters of avoidance if an when it determines such defenses and other matters of avoidance are appropriate and/or applicable.

WHEREFORE, having fully answered Plaintiffs' Complaint, Chase respectfully requests that Plaintiffs' claims against it be dismissed, with prejudice, and the costs of this action be taxed against the Plaintiffs.

Respectfully submitted,

/s/ Michael D. Hornback
Michael D. Hornback (BPR#22128)
**WYATT, TARRANT & COMBS, LLP**
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203
Telephone: (615) 244-0020
Facsimile: (615) 256-1726
(*mhornback@wyattfirm.com*)

*Counsel for JPMorgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance, LLC (incorrectly named in the Complaint as JPMorgan, JPMorgan Chase, and JPMorgan Chase Bank)*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed via the Court's electronic filing system and was placed in the U.S. Mail, first class, postage prepaid, addressed to the following on this the 14th day of March, 2012:

Hollis H. Malin Jr.
Linda D. Malin
809 Dry Gap Pike
Knoxville, Tennessee 37918

/s/ Michael D. Hornback
Michael D. Hornback

60143111.1