UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HOLLIS H. MALIN, JR., and | ) | |
| LINDA D. MALIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:11-CV-554 |
| | ) | (VARLAN/GUYTON) |
| JP MORGAN CHASE BANK, N.A., | ) | |
| *as successor in interest*, and | ) | |
| CHASE HOME FINANCE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge [Doc. 49], filed on February 22, 2013. On March 6, 2013, the parties appeared before the undersigned, via telephone, to address the Defendant's Motion to Strike Plaintiffs' Purported Expert Disclosures of William J. Paatalo and Jason Smith [Doc. 47], filed on February 19, 2013. Attorney J. Myers Morton appeared on behalf of the Plaintiffs. Attorney Michael Hornback appeared on behalf of the Defendant. At the conclusion of the hearing, the Court took the matter under advisement.

The Defendant's motion [Doc. 47] requests that the Court enter an order striking the Plaintiffs' expert witnesses, William J. Paatalo and Jason Smith, because the Plaintiffs failed to provide expert reports by the February 11, 2013 deadline. If the witnesses were not required to submit expert reports, the Defendant argues that they should be stricken for failure to disclose the factual basis upon which their opinions are based pursuant to Federal Rule Civil Procedure 26(a)(2)(C).

1

The Plaintiffs respond [Doc. 50] that they will not be offering Mr. Paatalo's testimony as an expert opinion in this case. The Plaintiffs also argue that Mr. Smith's testimony only relates to his personal knowledge of opening certain documents and how he noticed discrepancies in those documents.

At the hearing, the parties agreed that the issue with disclosing Mr. Paatalo's expert report is now moot because he will not be a witness in the case. In addition, defense counsel indicated that he has already deposed Mr. Smith and was not prohibited from asking him any questions during the deposition, including questions regarding his opinion. Finally, the Plaintiff's counsel stated that Mr. Smith is a fact witness and will not testify that the documents appeared to be "altered" or that there is "forgery."

The Court has considered the parties' positions, including both their written submissions and their oral arguments at the hearing. With regard to Mr. Paatalo, the parties agreed that he will not be a witness in this case. Therefore, the motion as to Mr. Paatalo must be denied as moot. With regard to Mr. Smith, the Defendant deposed him following the filing of the instant motion. Defendant's counsel confirmed that he did ask Mr. Smith all the questions he had with regard to Mr. Smith's participation in this matter. Furthermore, the Court finds that Mr. Smith will not offer any expert testimony, and specifically, that he does not intend to opine as to whether any document in the case was "altered" or is a "forgery." Accordingly, the Court finds Defendant's Motion to Strike Plaintiffs' Purported Expert Disclosures of William J. Paatalo and Jason Smith [**Doc. 47**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge