UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HOLLIS H. MALIN, JR., and<br>LINDA D. MALIN, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No.: 3:11-CV-554<br>(VARLAN/GUYTON) |
| JP MORGAN CHASE BANK, N.A.,<br>*as successor in interest*,<br>CHASE HOME FINANCE, LLC, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on Plaintiffs' Motion to Amend Complaint [Doc. 38]. Defendant JP Morgan Chase Bank, N.A., for itself and as successor by merger to Chase Home Finance, LLC ("Chase"), responded in opposition to the motion to amend [Doc. 42]. Plaintiffs have not filed a reply, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1, 7.2. The Court has fully considered the arguments of the parties and the filings in this matter. For the reasons explained below, the Court will deny the motion.

### I.   Positions of the Parties

Plaintiffs seek to amend their complaint to delete the causes of action dismissed by the Court's prior memorandum opinion and order [Doc. 11] and to add allegations related to Chase's alleged production of a forged promissory note [*see* Doc. 38-1]. Plaintiffs additionally seek to add an interpleader cause of action [*Id.*]. In support, plaintiffs assert

that they received a document purporting to be a scanned copy of the original promissory note in September or October of 2012. Plaintiffs claim that they discovered that the scanned document had "discrepancies" in December 2012, and that they subsequently hired an expert on computer forgery and obtained an affidavit stating that the promissory note was a computer forgery [Doc. 39]. Plaintiffs' motion cites to no legal authority, inclusive of Rules 15 and 16 of the Federal Rules of Civil Procedure.

Chase responds that plaintiffs' motion to amend is untimely, as the Scheduling Order [Doc. 14] required that motions for leave to file amended pleadings be filed by December 24, 2012. Plaintiffs' motion was filed just under one month after the expiration of that deadline. Chase asserts that, following the expiration of the court's deadline, a plaintiff must show good cause under Federal Rule of Civil Procedure 16(b) for the plaintiff's failure to adhere to the scheduling order deadlines. Chase points out that plaintiffs have provided no reason for their delay, which could support a finding of good cause.

Chase additionally argues that allowing plaintiffs to amend their complaint would be futile and that the admissions contained in the proposed amended complaint and supporting document actually support granting summary judgment in Chase's favor. As to the proposed addition of interpleader, Chase asserts that Rule 22 of the Federal Rules of Civil Procedure sets forth the circumstances under which interpleader is appropriate and that none of those circumstances are present in this case.

## II. Analysis

Rule 15(a) instructs that courts should "freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15(a). However, when a deadline established by a court's scheduling order has passed, the party seeking to file beyond the deadline must show good cause under Rule 16(b) for failure to file before the deadline. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). With respect to amendment of pleadings, where a deadline established by a court's case management order has passed, "a [party] first must show good cause under Rule 16(b) [of the Federal Rules of Civil Procedure] for failure earlier to seek leave to amend" and the court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). As plaintiffs' motion to amend was filed approximately one month after the deadline for amended pleadings, plaintiffs must first show good cause for modification of the scheduling order to allow the belated amendment under Rule 16.

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). The test for diligence is not how quickly counsel moves to amend after becoming aware of the information warranting the amendment. *Stanich v. Hissong Grp., Inc.*, No. 2:09-cv-143, 2011 WL 1560650, at *4 (S.D. Ohio Apr. 25, 2011). The test, rather, is whether plaintiffs could

3

have discovered the information underlying the sought-after amendment prior to the deadline set forth in the scheduling order. *Id.*; *see also Perea v. Hunter Douglas Window Fashions, Inc.*, No. 06-cv-01374-MSK-MJW, 2008 WL 511409, at *3 (D. Colo. Feb. 22, 2008). The Sixth Circuit has noted that when an amendment is sought at a late stage of litigation, "there is an increased burden to show justification for failing to move earlier." *See Bridgeport Music, Inc. v. Dimension Films*, 401 F.3d 647, 662 (6th Cir. 2004) (citation omitted).

In this case, plaintiffs moved to amend their complaint after the deadline for doing so and have not specifically requested leave to amend under Rule 15 or Rule 16. The Court notes that the trial date of this matter, which at the time was scheduled for April 22, 2013, has since been moved to September 23, 2013; however, Magistrate Judge Guyton ordered that the parties were to calculate all *unexpired* deadlines in the Scheduling Order [Doc. 14] from the new trial date [*see* Doc. 82]. Accordingly, because the deadline for moving for leave to amend pleadings had passed when the trial date was continued, the motion to amend was at the time and remains untimely filed.

Plaintiffs do not assert that they have good cause under Rule 16 to have filed their motion late. In the factual section of plaintiffs' brief in support of their motion to amend they assert that they received the copy of the scanned original promissory note in September or October 2012 and that they did not discover that the note had discrepancies until early December 2012. The deadline for moving for leave to amend pleadings expired on December 24, 2012, and plaintiffs make no attempt to explain the delay in

4

either discovering the alleged "discrepancies" or filing their motion to amend on January 22, 2013, after having discovered the issues with the scanned document some six weeks prior. Because plaintiffs have not shown good cause under Rule 16 for the late filing of their motion, the Court need not address the application of Rule 15, and the Court will not allow plaintiffs to amend their existing claims to add the new factual allegations related to the alleged forged note.

As to the proposed Third Cause of Action for Interpleader, plaintiffs assert only that "in order to provide the court with the opportunity to dispense equity in this case's final determination, plaintiffs wish to interplead monthly payments into the court as set forth in the original promissory note" [Doc. 39, p. 1]. Chase responds that plaintiffs' attempt to interplead payments is not logical and is also inappropriate under Rule 22 of the Federal Rules of Civil Procedure. Rule 22(a), "Interpleader," provides:

> **(a) Grounds.**
>
>> **(1) *By a Plaintiff*.** Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
>>
>>> **(A)** The claims of several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
>>>
>>> **(B)** The plaintiff denies liability in whole or in part to any or all of the claimants.

Fed. R. Civ. P. 22(a). Because Chase asserts that interpleader is not appropriate under the circumstances of this case, it essentially asserts that the Court need not grant leave to

5

amend because the amendment would be futile. "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that

6

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

Upon review of the relevant law and the proposed pleading, making all inferences in plaintiffs' favor, the Court finds plaintiffs' proposed cause of action for interpleader has no merit and does not assert a plausible claim upon which relief could be granted.

## III. Conclusion

In sum, as plaintiffs' motion to amend was untimely filed, plaintiffs have not shown good cause for the late-filed motion, and the proposed new cause of action does not state a plausible claim for relief, the Court hereby **DENIES** Plaintiffs' Motion to Amend Complaint [Doc. 38].

IT IS SO ORDERED.

                                       s/ Thomas A. Varlan
                                       CHIEF UNITED STATES DISTRICT JUDGE