UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HOLLIS H. MALIN, JR., and LINDA D. MALIN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 3:11-CV-554 ) (VARLAN/GUYTON) |
| JP MORGAN CHASE BANK, N.A., *as successor in interest*, CHASE HOME FINANCE, LLC, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on Plaintiffs' Motion to Appeal Magistrate's Decision [Doc. 96]. Plaintiffs appeal Magistrate Judge Guyton's Memorandum and Order [Doc. 95] of June 12, 2013, wherein Judge Guyton denied plaintiffs' motion to enlarge the deadlines to disclose expert testimony, to reopen discovery, and to allow plaintiffs to list Dr. James Kelley as a fact witness. Defendant has responded in opposition to the appeal [Doc. 97].

Judge Guyton held a telephonic hearing on the motion, during which plaintiffs argued that they had only recently "discovered, grasped, or comprehended" that a copy of the Note, which was filed in bankruptcy court, was missing an endorsement. Chase responded in opposition, asserting that plaintiffs had full access to the bankruptcy proceeding documents as early as spring 2011, and arguing that the original Note, with an endorsement, is not in dispute. Chase also argued that plaintiffs

failed to show the required good cause for the requested modification of the scheduling order, and that plaintiffs had previously argued that Dr. Kelley is an expert, rather than a lay witness.

In denying plaintiffs' motion, Judge Guyton noted that he had previously extended both the deadline for plaintiffs to disclose expert witnesses and the time for completing discovery [*see* Docs. 14, 46]. Judge Guyton then found that, because plaintiffs have had full access to the documents from their own bankruptcy case since 2011, and because they offered no reasonable explanation for their failure to investigate these allegations prior to the deadlines set by the Court, plaintiffs failed to show good cause to modify the Scheduling Order. *See* Fed. R. Civ. P. 16(b)(4) (the scheduling order will not be modified absent a showing of good cause).

Plaintiffs now appeal Judge Guyton's order, arguing that "there is no way all practicing civil lawyers in Tennessee could be familiar with all laws and legal and illegal commercial practices in the banking industry, and a client should not be held to account for his lawyer's lack of perfection" [Doc. 96, p. 1]. Plaintiffs also seem to argue that Judge Guyton's ruling is "protecting possible fraudulent practices" [*Id.*, p. 2].

Section 636 of Title 28 of the United States Code allows district judges, subject to certain exceptions, to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). A district judge may reconsider any pretrial matter determined under "subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* "A

2

finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

Plaintiffs' appeal essentially argues that Judge Guyton's ruling was incorrect because plaintiffs' counsel did not fully investigate the documents involved in this case prior to the deadlines set, and later extended, by the Court. The appeal does not argue that Judge Guyton's ruling that plaintiffs had not shown good cause for modification of the scheduling order is clearly erroneous or contrary to law.

When the Court of Appeals for the Sixth Circuit reviews a district court's denial of additional time for discovery, it does so under an abuse of discretion standard. *See Audi AG v. D'Amato*, 469 F.3d 534, 531 (6th Cir. 2006) (citation omitted). The factors considered include "when the moving party learned of the issue that is the subject of discovery, how the discovery would affect the ruling below, the length of the discovery period, whether the moving party was dilatory, and whether the adverse party was responsive to prior discovery requests." *Id.* (citing *Plott v. Gen. Motors Corp.*, 71 F3d 1190, 1197 (6th Cir. 1995)). Here, the original deadline for plaintiffs' expert disclosures was November 24, 2012, the discovery period initially ended January 22, 2013, and witness lists were due on March 8, 2012. At that point, the trial was scheduled for April 22, 2013. On February 4, 2013, Judge Guyton extended several of those deadlines,

3

allowing plaintiffs until February 11, 2013, to disclose experts, and extending the discovery deadline to March 8, 2013. The present trial date of this matter is September 23, 2013. Plaintiffs now request that they be allowed until August 24, 2013, to complete discovery. When the trial date was continued, only the unexpired deadlines were to be recalculated as applied from the new trial date [Doc. 82].

Plaintiffs request the reopening of discovery to allow them to further investigate the endorsement, or lack thereof, of the Note produced during plaintiffs' bankruptcy proceedings. As Judge Guyton found, plaintiffs had access to the bankruptcy-related documents in spring 2011, months prior to the filing of this lawsuit in November 2011. Moreover, plaintiffs began asserting that there may be some issue with the authenticity of the Note in this case as early as December 2012, when plaintiffs first responded to Chase's motion for summary judgment by including the affidavit of Adam Malin, wherein he submitted that he had reviewed the scanned copy of the Note in Adobe Illustrator. Over five months later, plaintiffs moved to again be allowed additional time to investigate the issue. Accordingly, plaintiffs' counsel current argument, that plaintiffs' counsel should not have been expected suspect fabricated copies of notes were being transferred until the time plaintiffs moved to modify the scheduling order, is disingenuous. While plaintiffs' counsel may not have fully examined the details of the Note until after the relevant deadlines had past, counsel had access to the documents and had also alleged that the Note may not have been the original well before the expiration of the relevant deadlines.

Because the Court agrees with Judge Guyton's finding that plaintiffs have not shown good cause to modify the scheduling order, the Court finds that Judge Guyton did not commit clear error in denying plaintiffs' motion. Accordingly, Plaintiffs' Motion to Appeal Magistrate's Decision [Doc. 96] is **DENIED**, and Judge Guyton's Memorandum and Order [Doc. 95] is **AFFIRMED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE