UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HOLLIS H. MALIN, JR., and LINDA D. MALIN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:11-CV-554-TAV-HBG |
| JP MORGAN CHASE BANK, N.A., *as successor in interest*, CHASE HOME FINANCE, LLC, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil matter is before the Court on Defendant's Motion for Attorneys' Fees and Nontaxable Costs [Doc. 105] pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.2. For the reasons set forth more fully below, the Court finds that defendant is entitled to the requested attorneys' fees and costs and will therefore grant the motion.

**I.     Background**

Plaintiffs filed this case on October 17, 2011, in the Chancery Court for Knox County, Tennessee, and defendant removed the case to this Court on November 21, 2011 [Doc. 1]. Plaintiffs alleged, in pertinent part, that defendant was wrongfully pursuing a non-judicial foreclosure on plaintiffs' home. [Doc. 1-1]. Specifically, plaintiffs argued that defendant was not the owner of the Adjustable Rate Note (the "Note") and Deed of Trust (the "Deed of Trust") that secured plaintiffs' real property, which consisted of a

house and lot located at 809 Dry Gap Pike, Knoxville, Tennessee. [*Id.*]. On November 11, 2012, defendant filed a motion for summary judgment [Doc. 19]. Then, on July 8, 2013, the Court entered an order [Doc. 101] granting that motion for summary judgment. The Court found that defendant was the holder of the Note and Deed of Trust and was therefore entitled to enforce the terms of the same. [*Id.* at 20, 23]. The Court dismissed plaintiffs' causes of action, and this matter was closed. [Doc. 102]. Costs in the amount of $5,404.60 were taxed to plaintiffs. [Doc. 114].

Defendant filed the instant motion [Doc. 105] on July 19, 2013, seeking an award of attorneys' fees and other nontaxable costs pursuant to the terms of the Note and Deed of Trust. Plaintiffs filed a response [Doc. 110] in opposition, and defendant replied [Doc. 113], arguing that plaintiffs' objections are without merit.

## II. Positions of the Parties

Defendant contends that pursuant to the terms of the Note and Deed of Trust, it is entitled "to recover all costs/expenses, including attorneys' fees, expended in enforcing the Note and/or Deed of Trust." [Doc. 106 at 1 (citing Doc. 19-4 ¶ 22)]. As a result, defendant seeks $82,206.70 in attorneys' fees, $974.34 in travel expenses, and $11,136.05 in expert witness fees. [*Id.*]. Defendant submits that the requested "fees and expenses were directly necessarily and solely incurred by [defendant] in its defense of this matter; and were necessary in order for [defendant] to enforce the terms of the Note or to pursue foreclosure under the Deed of Trust." [*Id.*]. In addition, defendant maintains

that plaintiffs' prior bankruptcy proceedings do not shield plaintiffs from attorneys' fees and costs incurred in this post-petition litigation. [*Id.* at 14].

Plaintiffs do not contest the reasonableness of the hours expended by defendant's attorneys in litigating this case and take no position regarding the reasonableness of the fees requested. [Doc. 110 p. 2]. The only objection raised by plaintiffs is that, pursuant to 11 U.S.C. § 524, they are protected by a permanent injunction set in place by their prior bankruptcy proceedings which, plaintiffs argue, precludes the Defendant from collecting any attorneys' fees or costs incurred in enforcing the Note and/or Deed of Trust. [*Id.* at 4]. Plaintiffs further maintain that case law cited by defendant for the proposition that plaintiffs are not shielded by their prior bankruptcy proceedings is distinguishable and not good law. [*Id.* at 3–4].

Defendant filed a reply in which it argued that plaintiffs failed to cite any authority in support of their position, and thus, defendant's cited authority remains good law. [Doc. 113 p. 1].

**III. Analysis**

Attorneys' fees are governed by state law in diversity actions. *Hometown Folks, LLC v. S & B Wilson, Inc.*, 643 F.3d 520, 533 (6th Cir. 2011). "Where a contract provides for attorneys' fees, however, '[t]he parties are entitled to have their contract enforced according to its express terms.'" *Id.* (citing *Wilson Mgmt. Co. v. Star Distribs. Co.*, 745 S.W.2d 870, 873 (Tenn. 1988)).

3

As an initial matter, the Court finds that defendant has demonstrated that the Note and Deed of Trust contractually provide for the requested attorneys' fees and costs. In particular, the Note states that "the Note Holder will have the right to be paid back by [the borrowers] for all of its costs and expenses in enforcing this Note . . . includ[ing], for example, reasonable attorneys' fees." [Doc. 19-3 ¶ 7(E)]. Similarly, the Deed of Trust states that the "Lender shall be entitled to collect all expenses . . . including, but not limited to, reasonable attorneys' fees and costs of title evidence" in pursing foreclosure. [Doc. 19-4 ¶ 22].

Plaintiffs do not dispute as much. Nor do they oppose the reasonableness of the fees and costs requested. Thus, the only issues before the Court are: (1) whether defendant has demonstrated the reasonableness of the requested attorneys' fees and costs; and (2) whether defendant is enjoined from recovering attorneys' fees and costs pursuant to 11 U.S.C. § 524.

### A. Reasonableness of Attorneys' Fees and Costs

Defendant, as the prevailing party, has the burden of making a *prima facie* showing that its request for attorneys' fees is reasonable. *Wilson Mgmt. Co.*, 745 S.W.2d at 873. While there is "no fixed mathematical rule" for determining what is reasonable, courts should analyze the reasonableness of the fees under the factors set forth in Tennessee Rule of Professional Conduct 1.5. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011) (citation omitted). These factors include:

4

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent;
(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
(10) whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, § 1.5(a). Moreover, the Court is aided by an affidavit submitted by counsel for the prevailing party that details

> how much time [counsel] spent on the case, what work [counsel] accomplished during that time, and when [counsel] spent that time—helps the trial court analyze several factors relevant to the determination of a reasonable attorney's fee. It not only provides the amount of time and labor that the case required, but also is useful for assessing the difficulty of the questions presented, the skills required, and the time constraints that the attorney faced.

*Wright*, 337 S.W.3d at 181. Ultimately, the reasonableness of the fees lies within the sound discretion of the trial court and should turn on the particular facts of the case. *Id.* at 177; *Airline Const. Inc. v. Barr*, 807 S.W.2d 247, 270 (Tenn. Ct. App. 1990).

Defendant requests $82,206.70 for 463.70 attorney work performed hours, which represents 361.70 attorney hours billed at $191.85/hour and 101.50 attorney hours billed

5

at $126.25/hour. [Doc. 106 p. 10]. In support of the reasonableness of its request, defendant cites a detailed summary of the extensive briefing and discovery that took place in this case. [*Id.* at 2–7]. Counsel for defendant has also attached an affidavit to the instant motion outlining the qualifications of both attorneys who worked on this case and a detailed billing entry accounting for and explaining the time spent on this case. [Doc. 105-1].

After thoroughly reviewing and examining defendant's submission and evidence of the fees incurred, the Court finds that the requested attorneys' fees are reasonable given the nature and extent of the litigation in this case. Counsel for defendant has demonstrated that he participated in extensive discovery and briefing in this case and that such efforts were not excessive or duplicative. Although defendant prevailed at the pleading stage, counsel litigated this case for almost two years before receiving a favorable result. Moreover, the Court is familiar with the attorney rates in this district and finds that the hourly attorney rates requested in this case are consistent with the range of rates customarily charged by other attorneys of similar skill and experience in this district.

Regarding the other requested costs, defendant seeks $974.34 for expenses incurred while traveling to attend depositions and court hearings and $11,136 for consulting an expert witness. Though federal courts are bound by 28 U.S.C. § 1920— which provides for recovering only certain types of taxable costs—the Supreme Court has held that a prevailing party may recover additional costs where explicitly provided

for by "statutory or contractual authorization." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *see also* E.D. Tenn. L.R. 54.1(c). Moreover, in *Furnco, LLC*, the court held that where a contract provided for reasonable attorneys' fees and costs, the prevailing party in a breach of contract claim was entitled to recover "travel costs, legal research costs, court reporter fees, and expert witness fees" because such expenses were shown to be reasonably incurred in light of the particular facts of the case. *Furnco, LLC v. Laneventure, Inc.*, No. 07–2333, 2011 WL 1565923, at *5 (W.D. Tenn. Apr. 25, 2011).

The Court finds, and plaintiffs do not dispute, that defendant's request for travel costs and expert witness fees is not only recoverable pursuant to the terms of the Note and the Deed of Trust, but that defendant has shown through its submission of evidence that these expenses were reasonably incurred in an effort to demonstrate that defendant was the proper holder of the Note and Deed of Trust. In particular, $974.34 for travel expenses included hotel, meals, and mileage for traveling from Nashville, Tennessee to Knoxville, Tennessee and Louisville, Kentucky on five different occasions to take multiple depositions and attend oral argument on defendant's motion to exclude plaintiffs' purported expert witnesses, in which defendant prevailed. [Doc. 105-1 pp. 22, 37, 48, 58]. In addition, defendant has shown that $11,136.05 in expert witness fees was reasonably and necessarily incurred in order to obtain testimony and evidence that refuted the qualifications of plaintiffs' purported expert witnesses and plaintiffs' claim that the scanned version of the Note was a forgery. [*Id.* at 5, 7, 60–69; Doc. 106 p. 5].

7

Accordingly, the Court finds defendant is entitled to the full amount of its requested attorneys' fees, travel costs, and expert witness fees.

### B. 11 U.S.C. § 524

Plaintiffs argue that defendant is enjoined from collecting attorneys' fees and costs incurred in enforcing the terms of the Note and/or Deed of Trust due to plaintiffs' previous bankruptcy proceedings. By way of background, plaintiffs filed for Chapter 7 bankruptcy on February 23, 2011 [Doc. 101 p. 4]. Defendant was listed as a "Secured Creditor" holding a secured claim or "First Mortgage" over plaintiffs' home and real property. [*Id.*]. Plaintiffs' bankruptcy was discharged and various debts, including that which was owed to defendant, were extinguished. [*Id.*]. Plaintiffs subsequently filed the instant lawsuit on October 17, 2011 [*Id.*].

Asserting that defendant is enjoined from recovering attorneys' fees and costs, plaintiffs cite to 11 U.S.C. § 524(a), which states, in pertinent part,

> (a) A discharge in a case under this title—
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

Plaintiffs argue that "Congress, in the bankruptcy code, ***obviously*** understood and considered issues could arise in post-bankruptcy discharge situations in which a creditor held a secured claim." [Doc. 110 p. 2 (emphasis in original)]. Plaintiffs then cite to § 524(j), which provides three specific exemptions where a secured creditor would not be subjected to the permanent injunction instituted by § 524(a)(2). Plaintiffs essentially

8

assert that no other law provides exclusions or exemptions from the Bankruptcy Code's permanent injunction in § 524(a)(2) that would allow defendant to obtain the requested attorneys' fees and costs. [*Id.* at 3].

Unable to locate controlling Sixth Circuit precedent, defendant cites *In re Ybarra*, 424 F.3d 1018 (9th Cir. 2005), and *Siegel v. Fed. Home Loan Mortgage Corp.*, 143 F.3d 525 (9th Cir. 1998), wherein the Court of Appeals for the Ninth Circuit held that attorneys' fees and expenses were recoverable in post-petition litigation. [Doc. 106 pp. 14–15]. In *Siegel*, the plaintiff filed a breach of contract action alleging that the defendant had breached the terms of the deed of trust. 143 F.3d at 531. The lawsuit had been initiated against the defendant during the course of the plaintiff's bankruptcy proceedings. *Id.* at 528. After the plaintiff was discharged from bankruptcy, the district court granted summary judgment to the defendant on the basis that the plaintiff's action was barred by the res judicata effect of the bankruptcy proceedings. *Id.* The defendant then sought attorneys' fees pursuant to the deed of trust, which allowed the lender to recover fees and costs incurred for enforcing the terms of the loan. *Id.* Finding that the defendant was entitled to attorneys' fees and costs, the court observed:

> This is a case where the debtor, Siegel, had been freed from the untoward effects of contracts he had entered into. Freddie Mac could not pursue him further, nor could anyone else. He, however, chose to return to the fray and to use the contract as a weapon. It is perfectly just, and within the purposes of bankruptcy, to allow the same weapon to be used against him.
> . . .
> Siegel's decision to pursue a whole new course of litigation made him subject to the strictures of the attorney's fee provision. In other words, while his bankruptcy did protect

9

> him from the results of his past acts, including attorney's fees associated with those acts, it did not give him carte blanche to go out and commence new litigation about the contract without consequences.

*Id.* at 533–34.

In *Ybarra*, the Ninth Circuit reaffirmed "that claims for attorney fees and costs incurred post-petition are not discharged where post-petition, the debtor voluntarily commences litigation or otherwise voluntarily 'return[s] to the fray.'" 424 F.3d at 1026 (citing *Siegel*, 143 F.3d at 533–34). The Ninth Circuit explained that because the plaintiff, who had been the bankruptcy debtor, took affirmative post-petition action to litigate a pre-petition claim, the plaintiff affirmatively "returned to the fray" and assumed the risk of incurring litigation expenses that were not discharged in bankruptcy. *Id.* at 1026–27.

Here, it appears that the Sixth Circuit has yet to address the issue, and the Court finds *Siegel* and *Ybarra* persuasive. Although plaintiffs argue that the Ninth Circuit has "overstepped its Constitutional authority by legislating a new exclusion or exemption from the Bankruptcy Code's permanent injunction" and that *Siegel* and *Ybarra* are distinguishable and have been routinely criticized [Doc. 110 pp. 3–4], plaintiffs fail to cite any authority in support of their contention, and the Court has not found case law, particularly within the Sixth Circuit, that calls into question the reasoning articulated by the Ninth Circuit. Plaintiffs have offered no other evidence to suggest that post-petition attorneys' fees and costs were discharged in bankruptcy.

10

Accordingly, the Court finds that plaintiffs' previous bankruptcy proceedings do not insulate them against the liability they have incurred in terms of attorneys' fees and costs as a result of their voluntary, post-petition commencement of the present litigation.

## IV. Conclusion

For the reasons stated herein, the Court hereby **GRANTS** Defendant's Motion for Attorneys' Fees and Nontaxable Costs [Doc. 105]. Accordingly, the Court **ORDERS** that counsel for defendant be **AWARDED** a total of **$94,317.09**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE